*In re* JUAN DELGADO RIVERA.

*Número:* TS-9972          *Resuelto:* 13 de marzo de 2015

*Geisa M. Marrero Martínez*, en informe.

PER CURIAM: En esta ocasión nos corresponde ordenar la suspensión indefinida de la práctica de la abogacía de un miembro de la profesión legal por incumplir con los requerimientos del Programa de Educación Jurídica Continua y con las órdenes de este Tribunal.

I

El Lcdo. Juan Delgado Rivera fue admitido al ejercicio de la abogacía el 13 de enero de 1992. El 3 de septiembre de 2009 la Lcda. Yanis Blanco Santiago, quien entonces fungía como Directora Ejecutiva del Programa de Educación Jurídica Continua, envió al licenciado Delgado Rivera un Aviso de Incumplimiento por el periodo de 1 de agosto de 2007 al 31 de julio de 2009. En la misiva, se le otorgó un periodo de sesenta días para tomar los cursos requeridos. Además, se le apercibió de su deber de pagar una cuota de $50 por cumplimiento tardío, conforme a la Regla 30 del Reglamento de Educación Jurídica Continua, 164 DPR 555 (2005). El 18 de noviembre de 2009, el licenciado Delgado Rivera envió una comunicación al Programa indicando que

no ejercía la abogacía, puesto que se desempeñaba como empleado federal a tiempo completo. Expuso que, por tal razón, estaba exento de cumplir con los requerimientos del Programa. En respuesta, el Programa le notificó una comunicación de 25 de junio de 2010, en la que le explicó que las disposiciones del Reglamento de Educación Jurídica Continua aplicaban a todo profesional del Derecho en el Estado Libre Asociado de Puerto Rico que estuviese activo como abogado. Así, se le informó al licenciado Delgado Rivera que, mientras estuviese activo como abogado, estaba obligado a cumplir con los requisitos del Programa y se le orientó sobre los distintos métodos de cumplimiento con los requerimientos de éste. El Programa no recibió respuesta del licenciado Delgado Rivera a la referida comunicación.

Así las cosas, y una vez transcurrido un tiempo razonable para que el licenciado Delgado Rivera cumpliera con los requisitos del Programa, el 1 de septiembre de 2011 se le envió una citación para una vista informal que se celebraría el 28 de septiembre de 2011. Luego de que el licenciado Delgado Rivera no compareciera a la vista, el Oficial Examinador recomendó remitir el asunto a este Tribunal, conforme a la Regla 32(C) del Reglamento del Programa. La Directora Ejecutiva del Programa acogió esta recomendación, presentó el asunto ante la Junta de Educación Jurídica Continua. La Junta, por su parte, presentó el *Informe sobre incumplimiento con requisito de educación jurídica continua* ante este Tribunal, detallando el reiterado incumplimiento del licenciado Delgado Rivera y expresando su preocupación en torno a la actitud pasiva de éste al momento de cumplir con los requerimientos del Programa y contestar las comunicaciones que se le enviaron.

Examinado el Informe presentado, el 20 de octubre de 2014 le concedimos al licenciado Delgado Rivera un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por haber incumplido con los requerimien-

tos del Programa y por no haber comparecido ante éste para la celebración de la vista informal, como le fue requerido. Al día de hoy, el licenciado Delgado Rivera no ha comparecido ni ha solicitado prórroga para comparecer.

## II

Los requerimientos establecidos en el Reglamento del Programa de Educación Jurídica Continua responden al deber ineludible de todo abogado y abogada del País de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional [...]". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Para garantizar el cumplimiento con ese deber ético-profesional, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, R. 6, el cual, salvo contadas excepciones, exige a todos los miembros activos admitidos a la profesión legal la aprobación de 24 horas crédito en cursos de educación jurídica. Además, este Reglamento contiene los procedimientos para certificar el cumplimiento con las horas crédito y revisar los avisos de incumplimiento.

Por otro lado, también les hemos recordado reiteradamente a los miembros de la profesión legal su deber de contestar con diligencia los requerimientos que exige este Tribunal, advirtiendo que la dejadez es incompatible con la práctica de la profesión. Véanse: *In re Guzmán Rodríguez*, 187 DPR 826 (2013); *In re Trinidad Torres*, 183 DPR 371 (2011); *In re Colón Rivera*, 170 DPR 440 (2007). A esos efectos, hemos afirmado que la desidia al momento de contestar los requerimientos de este Tribunal infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, puesto que constituye una afrenta a nuestro poder inherente de regular el ejercicio de la profesión legal. Véanse: *In re Guzmán Rodríguez*, supra; *In re Rosado Cruz*, 176 DPR 1012 (2009).

## III

El licenciado Delgado Rivera ha incurrido en conducta altamente reprensible al incumplir con los requisitos del Programa de Educación Jurídica Continua e ignorar la orden de comparecencia emitida por este Tribunal. Como surge de los hechos reseñados, el licenciado Delgado Rivera hizo caso omiso a nuestros requerimientos e incumplió con lo dispuesto en el Reglamento de Educación Jurídica Continua, luego de que se le otorgasen múltiples oportunidades para garantizar su cumplimiento. Al día de hoy han transcurrido más de cuatro meses desde que emitimos una resolución concediéndole al licenciado un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido. Estimamos que su conducta refleja dejadez, desatención y falta de diligencia, cualidades incompatibles con la práctica de la profesión legal.

Por los fundamentos que anteceden, *se ordena la suspensión inmediata e indefinida del licenciado Delgado Rivera del ejercicio de la abogacía. En caso de que el licenciado Delgado Rivera esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificarles sobre su inhabilidad de continuar representándolos, devolverles los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta días contados a partir de la notificación de esta opinión.*

*Se dictará sentencia de conformidad.*