EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2015 TSPR 59 |
| Juan Delgado Rivera | 192 DPR ____ |

Número del Caso: TS-9,972

Fecha: 13 de marzo de 2015

Programa de Educación Jurídica Continua:

Lcda. Yanis Blanco
Directora Ejecutiva

Materia: La suspensión será efectiva el 29 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| Juan Delgado Rivera | TS-9972 |

*PER CURIAM*

San Juan, Puerto Rico, a 13 de marzo de 2015

En esta ocasión nos corresponde ordenar la suspensión indefinida de la práctica de la abogacía de un miembro de la profesión legal por incumplir con los requerimientos del Programa de Educación Jurídica Continua y con las órdenes de este Tribunal.

**I**

El Lcdo. Juan Delgado Rivera fue admitido al ejercicio de la abogacía el 13 de enero de 1992. El 3 de septiembre de 2009, la Lcda. Yanis Blanco Santiago, quien entonces fungía como Directora Ejecutiva del Programa de Educación Jurídica Continua, le envió al licenciado Delgado Rivera un Aviso de Incumplimiento por el periodo de 1 de agosto de 2007 al 31 de julio de 2009. En la misiva, se le otorgó un periodo de sesenta (60) días para tomar los cursos requeridos. Además, se le apercibió de su deber de pagar una cuota de $50.00 en concepto de cumplimiento tardía, conforme a la Regla 30 del Reglamento de Educación Jurídica Continua, 164 D.P.R. 555 (2005). El 18 de noviembre de

2009, el licenciado Delgado Rivera envió una comunicación al Programa, indicando que no ejercía la abogacía, puesto que se desempeñaba como empleado federal a tiempo completo. Expuso que, por tal razón, estaba exento de cumplir con los requerimientos del Programa. En respuesta, el Programa le notificó una comunicación, con fecha del 25 de junio de 2010, explicando que las disposiciones del Reglamento de Educación Jurídica Continua, *supra*, aplicaban a todo profesional del Derecho en el Estado Libre Asociado de Puerto Rico que estuviese activo como abogado. Así, se le informó al licenciado Delgado Rivera que, mientras estuviese activo como abogado, venía obligado a cumplir con los requisitos del Programa y se le orientó sobre los distintos métodos de cumplimiento con los requerimientos de éste. El Programa no recibió respuesta del licenciado Delgado Rivera a la referida comunicación.

Así las cosas, y una vez transcurrido un tiempo razonable para que el licenciado Delgado Rivera cumpliera con los requisitos del Programa, el 1 de septiembre de 2011, se le envió una citación para una vista informal a celebrarse el 28 de septiembre de 2011. Luego de que el licenciado Delgado Rivera no compareciera a la vista, el Oficial Examinador recomendó remitir el asunto a este Tribunal, conforme a la Regla 32(C) del Reglamento. La Directora Ejecutiva del Programa acogió esta recomendación, presentó el asunto ante la Junta de Educación Jurídica Continua. La Junta, por su parte, presentó el *Informe sobre incumplimiento con requisito de educación jurídica continua*

ante este Tribunal, detallando el reiterado incumplimiento del licenciado Delgado Rivera y expresando su preocupación en torno a la actitud pasiva de éste al momento de cumplir con los requerimientos del Programa y contestar las comunicaciones que le fueron enviadas.

Examinado el Informe presentado, el 20 de octubre de 2014, le concedimos al licenciado Delgado Rivera un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requerimientos del Programa y por no haber comparecido ante éste para la celebración de la vista informal como le fue requerido. Al día de hoy, el licenciado Delgado Rivera no ha comparecido ni ha solicitado prórroga para comparecer.

## II

Los requerimientos establecidos en el Reglamento de Educación Jurídica Continua, *supra*, responden al deber ineludible de todo abogado y abogada del País de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. XVII-E. Para garantizar el cumplimiento con ese deber ético-profesional, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, *supra*, el cual, salvo contadas excepciones, exige a todos los miembros activos admitidos a la profesión legal la aprobación de 24 horas crédito en cursos de educación jurídica. Además, el Reglamento contiene los procedimientos

para certificar el cumplimiento con las horas crédito y revisar los avisos de incumplimiento.

Por otro lado, también le hemos recordado reiteradamente a los miembros de la profesión legal su deber de contestar con diligencia los requerimientos exigidos por parte de este Tribunal, advirtiendo que la dejadez es incompatible con la práctica de la profesión. Véanse, *In re Guzmán Rodríguez*, 187 D.P.R. 826 (2013); *In re Trinidad Torres*, 183 D.P.R. 371 (2011); *In re Colón Rivera*, 170 D.P.R. 440 (2007). A esos efectos, hemos afirmado que la desidia al momento de contestar los requerimientos de este Tribunal infringe el Canon 9 de los Cánones de Ética Profesional, puesto que constituye una afrenta a nuestro poder inherente de regular el ejercicio de la profesión legal. Véanse In re Guzmán Rodríguez, *supra*; In re Rosado Cruz, 176 D.P.R. 1012 (2009).

**III**

El licenciado Delgado Rivera ha incurrido en conducta altamente reprensible al incumplir con los requisitos del Programa de Educación Jurídica Continua e ignorar la orden de comparecencia emitida por este Tribunal. Como se desprende de los hechos reseñados, el licenciado Delgado Rivera hizo caso omiso a nuestros requerimientos e incumplió con lo dispuesto en el Reglamento de Educación Jurídica Continua, luego de que se le otorgasen múltiples oportunidades para garantizar su cumplimiento. Al día de hoy, han transcurrido más de cuatro meses desde que emitimos una resolución concediéndole al licenciado un

término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido. Estimamos que su conducta refleja dejadez, desatención y falta de diligencia, cualidades incompatibles con la práctica de la profesión legal.

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida del licenciado Delgado Rivera del ejercicio de la abogacía. En caso de que el licenciado Delgado Rivera esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

                              TS-9972

Juan Delgado Rivera


                            SENTENCIA

San Juan, Puerto Rico a 13 de marzo de 2015

    Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del licenciado Delgado Rivera del ejercicio de la abogacía. En caso de que el licenciado Delgado Rivera esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                    Aida Ileana Oquendo Graulau
                  Secretaria del Tribunal Supremo